

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50186 | **DATE** | DEC 0 1 2003 |
| **CASE TITLE** | | *Warden v. Northwest Bank of Rockford* | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The motions to dismiss filed by Northwest Bank, Guichard, Martenson, United Bank of Illinois and Title Underwriters Insurance Agency [18-1, 22-1, 23-1 & 35-1] are granted. Because the court lacks jurisdiction over all of the plaintiffs' claims and they are, in any event, time-barred, defendant Switzer's motion to quash service [20-1] is denied as moot. The clerk is directed to enter a Rule 58 judgment and to terminate this case. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | **Document Number** |
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | DEC 0 3 2003 | | 56 |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | | |
| ✓ | Copy to judge/**magistrate judge**. | | | | |
| | | | | date mailed notice | |
| RTS/c | courtroom deputy's initials | | U.S. DISTRICT COURT CLERK 03 NOV 31 AM 9:26 FILED FOR DOCKETING Date/time received in central Clerk's Office | | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE WARDEN and JUDITH WARDEN, individually and as Beneficiaries of United Bank of Illinois NA, Trust #2053, (currently National City Bank),<br>Plaintiffs,<br><br>v.<br><br>NORTHWEST BANK OF ROCKFORD, et.al.<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 03 C 50186 |

## MEMORANDUM AND ORDER

In the late 1980s, a parcel of real property owned by pro se plaintiffs Bruce and Judith Warden was the subject of a state court forfeiture proceeding initiated by Northwest Bank of Rockford.[1] The Wardens' property was eventually forfeited. This federal action seeking relief under 42 U.S.C. §§ 1983 and 1985 followed. The plaintiffs wish to "reopen" the state court forfeiture proceeding. They also seek to quiet title of the property forfeited by stipulation in the state court proceeding and request monetary damages for the alleged conspiracy underlying the forfeiture proceeding. Several defendants move to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the following reasons, the motions to dismiss are granted and this action is dismissed in its entirety.

---

[1] This action ended up in the Eastern Division before this court because Judge Reinhard, the sole district judge in the Western Division, recused himself.

## I.    Background

The following facts are drawn from the allegations in the plaintiffs' complaint.

### A.    The Parties

Plaintiffs Bruce and Judith Warden owned real property that became the subject of a forfeiture proceeding in the 17th Judicial Circuit Court, Winnebago County. They seek relief as individuals and as beneficiaries of a trust held with United Bank of Illinois, NA.

Defendant Northwest Bank of Rockford engages in various banking activities, including offering loans and mortgages. Defendants Cynthia Krutz, Northwest Funding Corporation, Foresight Acquisition Corporation, and Foresight Financial Group are all associated with Northwest Bank of Rockford. Defendant David Martenson is an attorney who represented the plaintiffs for a period between 1988 and 1990. Defendant Peter Switzer is another attorney who was involved in the forfeiture proceeding. Defendant Ronald Guichard, Sr. held himself out as the mortgage holder of the forfeited property. Defendant United Bank of Illinois was the trustee of the forfeited land. Finally, defendant Title Underwriters Agency provided the title insurance and title commitment for the forfeited property.

### B.    The Property Forfeiture Proceeding

In 1984, the Wardens sought loans from Northwest Bank of Rockford. They received a second mortgage on their current home ("Pleasant Valley Property"), a construction loan to finish a new house ("Carefree Property"), an automobile loan, and a piano loan. All of these loans were secured with the Pleasant Valley and Carefree Properties as collateral and named United Bank of Illinois as trustee. Subsequently, the relationship between the Wardens and Northwest Bank deteriorated due to several disputes relating to the loans. Eventually, in late 1988, Northwest Bank filed suit in the 17th Judicial Circuit Court, Winnebago County, to

foreclose the mortgage against the Carefree Property. The Wardens and United Bank of Illinois were named as defendants.

In November of 1988, defendant Title Underwriters Insurance Agency was engaged to provide title insurance and a title commitment for the Carefree Property, which was the subject of pending litigation at that time. On December 3, 1988, a closing on the Carefree Property took place at the offices of Title Underwriters Insurance Agency and defendant Ronald Guichard, Sr. executed the closing documents as the mortgage holder on the Carefree Property.

In fact, however, Ronald Guichard, Jr. was the mortgage holder. On December 14, 1988, Northwest Bank told Title Underwriters that the name on the closing documents should be changed from "Sr." to "Jr." Northwest Bank and Martenson changed the deed, and Title Underwriters recorded the documents relating to Carefree Property with the Winnebago County Recorder's Office.

On January 6, 1989, the state forfeiture proceeding was dismissed pursuant to stipulation. The Wardens received notice of the dismissal of the forfeiture proceedings on or about February 11, 1989. In 1990, the Wardens filed a complaint with the Illinois Attorney Registration and Disciplinary Committee ("ARDC") against Martenson. The gist of the complaint was that they were upset that he had altered the deed, signed the stipulation to dismiss with the state court forfeiture proceeding without the Wardens' consent or knowledge, and conspired with an employee of Northwest Bank during the forfeiture proceeding.

## II.    Discussion

The Wardens claim that the defendants violated 42 U.S.C. §§ 1983, conspired to steal the Carefree Property in violation of 42 U.S.C. § 1985, and defrauded them. For the following reasons, the court lacks jurisdiction over these claims and, in any event, they are all time-barred.

## A.    The *Rooker-Feldman* Doctrine

The United States Supreme Court is the only federal court empowered to exercise appellate review over state court decisions. *See* 28 U.S.C. § 1257; *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). Thus, under the *Rooker-Feldman* doctrine, federal district courts may not exercise jurisdiction in an appellate capacity over the state court judicial process. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. Of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

To determine whether the *Rooker-Feldman* doctrine bars a plaintiff's federal suit, this court must ask whether the injury alleged by the plaintiff resulted from the state court judgment itself or is distinct from that judgment. *See Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996); *see also Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 555 (7th Cir. 1999) (court must ask whether the plaintiffs seek to set aside a state court judgment or to present an independent claim). If the injury alleged in the federal complaint was caused by the state court judgment, then the federal court lacks subject matter jurisdiction. *GASH Assoc. v. Village of Rosemont*, 995 F.2d 726, 728-29 (7th Cir. 1993).

Here, the Wardens' real injury is the loss of the Carefree Property as a result of the state court judgment. The Wardens ultimately seek to quiet title to the Carefree Property and to "reopen" the state court forfeiture proceeding. *See* Compl. ¶ 372(A) & (C). They are, therefore, not asking the court to remedy an injury that is separate from the state court judgment. Rather, they are asking this court to act in an appellate capacity to reverse the state court judgment. This type of relief is clearly barred by the *Rooker-Feldman* doctrine. *See, e.g., GASH Assocs. v. Village of Rosemont*, 995 F.2d at 729 (the *Rooker-Feldman* doctrine applied because "GASH did

-4-

not suffer an injury out of court and then fail to get relief from state court; its injury came from the [state court] judgment confirming the sale [of property]"). This court thus cannot exercise subject matter jurisdiction over the Wardens' claims.

This conclusion is not affected by the Wardens' contention that the *Rooker-Feldman* doctrine is inapplicable because there was no state court judgment since they did not sign the stipulation to dismiss the state court case and their attorney filed a fraudulent stipulation. The state court judgment does not cease to exist simply because the Wardens claim that it is fraudulent. The Wardens had the opportunity to appeal the state court decision through the proper channels and failed to do so. Under the *Rooker-Feldman* doctrine, they cannot seek redress in this court for their alleged injuries resulting from the state court proceeding.

The court is also unpersuaded by the Wardens' argument that the *Rooker-Feldman* doctrine is inapplicable because they were deprived of their property without due process in violation of 42 U.S.C. §§ 1983 and 1985. It is well-settled that "a plaintiff may not circumvent the effect of the *Rooker-Feldman* doctrine simply by casting [his] complaint in the form of a civil rights action." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 997 (7th Cir. 2000). Here, it is clear that the Wardens would not have suffered the claimed due process violation absent the state judgment. Thus, under the *Rooker-Feldman* doctrine, the Wardens cannot challenge the state court judgment through the pretext of bringing a due process claim.

### B.     The Statute of Limitations

Even if the *Rooker-Feldman* doctrine did not bar the Wardens' claims, they are all time-barred. Federal courts sitting in Illinois apply a two-year statute of limitations to §1983 and § 1985 claims. *See, e.g., Kalimara v. Illinois Dept. Of Corrections*, 879 F.2d 276, 277 (7th Cir.

1989) (§ 1983); *Kness v. Grimm*, 761 F. Supp. 513, 519 (N.D. Ill. 1990) (§ 1985). Federal civil rights claims accrue when the plaintiff knows or has reason to know, of the injury giving rise to the cause of action. *See, e.g., Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1991).

The state court judgment was rendered in January of 1989 and the Wardens received notice of the judgment sometime around February 11, 1989. Any injuries caused by a violation of §§ 1983 and 1985 should have become apparent to the Wardens within a short period of time after they received notice of the judgment. In any case, they would have reason to know of the injury giving rise to the cause of action much earlier than 14 years after the state court judgment was issued.

The Wardens assert that they recently discovered new evidence so the statute of limitations has not run. This argument is clearly erroneous. The limitations clock started running on their claims once they knew of their injury. Since this entire case revolves around the forfeiture of the Carefree Property, this means that the statute of limitations began to run when the Wardens were aware, or should have become aware, of their purported injury. This occurred when they received notice regarding the Carefree Property forfeiture in February of 1989. This is far, far past the two year limitations period.

With respect to the Warden's fraud claims, the demise of their federal claims means that the exercise of supplemental jurisdiction over the pendent state law claims would be improper. *See* 28 U.S.C. § 1367. In any event, in Illinois there is a five year statute of limitations for fraud claims which begins to run when the plaintiff knows or should have known of her cause of action. *See* 735 ILCS 5/13-215. The Wardens again contend that because they discovered additional facts to support their claims in 2003, the limitations period began anew at that point. This argument is simply incorrect. Once a limitations period is over, it is over. Additional

evidence cannot somehow restart the already expired limitations period. The Wardens' fraud claims arise out the state court forfeiture proceeding and their injury is a result of that judgment, which they became aware of in 1989. Thus, these claims are also time-barred.

## III.     Conclusion

For the foregoing reasons, the motions to dismiss filed by Northwest Bank, Guichard, Martenson, United Bank of Illinois and Title Underwriters Insurance Agency [18-1, 22-1, 23-1 & 35-1] are granted.

DATE: DEC 0 1 2003

Blanche M. Manning
Blanche M. Manning
United States District Judge

03cv50186.md

-7-